Josephine MCALLISTER,
et al., Appellants

v.

**DISTRICT OF COLUMBIA, Appellee**

No. 16-7035
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed On: January 25, 2017

Douglas William Tyrka, Tyrka & Associates, LLC, McLean, VA, for Plaintiffs–Appellants.

Loren L. AliKhan, Deputy Solicitor General, Todd Sunhwae Kim, Solicitor General, Richard Stuart Love, Assistant Attorney General, Karl A. Racine, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendant–Appellee.

Before: Tatel and Millett, Circuit Judges, and Williams, Senior Circuit Judge.

### JUDGMENT

Per Curiam

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

Appellants, the parents of children who prevailed in part in proceedings brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, appeal from a judgment denying in part their request for attorneys' fees for time spent obtaining fees for their underlying IDEA cases. Appellants argue that the district court abused its discretion by failing to address declarations filed with their reply brief and by relying on other district court fee awards as evidence of the prevailing market rate for IDEA fee litigation. Appellants contend, specifically, that the decisions cited by the district court lack any evidence of market rates in the Washington, D.C. area.

We reject both arguments. The district court did not abuse its discretion in declining to address two cursory declarations, which contain no mention of specific rates and were submitted for the first time with

plaintiffs' reply. Nor did the court err in relying on other fee decisions, three of which referred to the *Laffey* matrix, a schedule of market rates for complex federal litigation in Washington, D.C. *See Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (noting that, to demonstrate the prevailing market rate, plaintiffs may "provide ... evidence of recent fees awarded by the courts"); *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 n.7 (D.C. Cir. 1982) ("[D]ata about fee awards in other cases help to ensure comparable treatment of like cases."); *cf. Eley v. District of Columbia*, 793 F.3d 97, 100–01 (D.C. Cir. 2015) (discussing *Laffey* matrices and explaining that such "fee matrices [are] one type of evidence that 'provide[s] a useful starting point' in calculating the prevailing market rate" (quoting *Covington*, 57 F.3d at 1109)).

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.